ORTIZ & ORTIZ, L.L.P.
287 Park Ave. South, Ste. 314
New York, New York 10010
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

LIVSTREET REALTY CORP., Case No. 26-12072-pb

Debtor. Chapter 11
-------------------------------------------------------X

**DECLARATION PURSUANT TO LOCAL RULE 1007-2**

Norma E. Ortiz, the President and sole shareholder of the above captioned debtor in possession (the "Debtor"), hereby swears as follows:

1. I have authorized the Debtor to commence a case under Chapter 11 of the U.S. Bankruptcy Code. I have authorized an emergent filing because, among other things, a sheriff's sale of the Debtor's sole asset is scheduled for September 1, 2026.

2. The Debtor owns a parcel of commercial real property located at 5501 Ridge Boulevard, Philadelphia, Pennsylvania 19128 (the "Property"). The Property consists of a stand-alone bank branch that is leased by TD Bank, NA ("TD"). When the Property was acquired by the Debtor, TD also served as the mortgagee. TD is the only tenant of the Property and is also the sole mortgagee.

3. TD occupies the Property under a triple net lease: as a result, TD pays the monthly rent into the Debtor's TD operating account (the "Account") and automatically deducts

its monthly mortgage payment from the Account. Under the triple net lease, TD is responsible for all operating costs, insurance, and taxes.

3. TD commenced a foreclosure action against the Debtor in 2025 because of the Debtor's non-monetary default under the mortgage. The original mortgagor (and personal guarantor and mortgagor) ("the Mortgagor") passed away in 2016 and his death was a non-monetary default under the mortgage note. The Mortgagor was my father and the undersigned was the only beneficiary of the Mortgagor's estate. However, I was unaware that the Mortgagor's death was an event of default under the mortgage since mortgage payments have been paid every month and rent payments have been deposited every month. They continue to this day. Since the Mortgagor's death in November 2016, the rent had been deposited in the Account, the mortgage has been paid, and there has been no disruption of this course of action.

4. The Debtor attempted to obtain a refinancing of the mortgage but once a title search became available, it became clear that there were a number of claims asserted against the Property that must be resolved before a refinancing of TD's mortgage is viable. One of the issues that has plagued the Debtor is that notice of most of the claims asserted against the Property were mailed to the Property, were not sent to the Debtor at its address in New York, and were unknown to the Debtor.

5. The Debtor believes it can pay all creditors in full and there is substantial equity in the Property. Venue is proper in this district because I am the sole shareholder and officer of the Debtor, I operate the Debtor from this district, and the Debtor's sole bank account is located in this district.

7. No committee of creditors was appointed prior to the bankruptcy filing.

8. I am compiling a list of the Debtor's 20 largest non-insider unsecured creditors and its secured creditor and intend to file this information under seperate cover. A review of the potential claims against the Debtor include, upon information and belief, claims that should have been paid by TD or were obtained without notice to the Debtor. There are default judgments asserted against the Debtor so it is not clear, at this time, if these claims should be classified as secured or unsecured claims. The Debtor shall file a list of the 20 Largest Creditors as soon as possible.

9. At this time, the Debtor's assets consist of the Property and a nominal amount of money from its checking account.

10. The Debtor does not have any stock that is publicly held or traded.

11. The Debtor does not have any property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

12. The Debtor does not own any assets outside of the United States.

13. The Debtor shall file an amended Declaration to disclose any actions pending against it.

14. I am the sole shareholder of the Debtor. I oversee its operations.

15. The Debtor does not have any employees.

16. I receive a draw from the Debtor.

17. At the present time, the Debtor collects approximately $20,000 in rent a month, pays less than $5,000 a month to TD for its mortgage payments, and is operating at a profit. Other than the monthly mortgage payment, at this time, the Debtor's anticipated expenses are professional fees and the US.

18. I believe the Debtor has a strong likelihood of rehabilitation.

I declare under the penalty of perjury that the foregoing is accurate and true to the best of my knowledge.

Dated: August 30, 2026
NY, NY

*s/Norma E. Ortiz*
Norma E. Ortiz, President